IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LORETTA DENISE NOBLE,** | : | **PRISONER CIVIL RIGHTS** |
| GDC ID # 1199770, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **KATHY SEABOLT, Warden,** | : | **CIVIL ACTION NO.** |
|     Defendant. | : | 1:11-CV-4227-WSD-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Loretta Denise Noble, a former inmate, has filed an amended *pro se* civil rights complaint, [Doc. 13], in response to the Court's Order, [Doc. 12], which permitted Plaintiff to amend her retaliatory transfer claim against Arrendale State Prison Warden Kathy Seabolt. The amended complaint is now before the Court for screening under 28 U.S.C. § 1915A.

**I.   28 U.S.C. § 1915A Standard**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable

AO 72A
(Rev.8/8
2)

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*,

AO 72A
(Rev.8/8
2)

261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

## II. Discussion

Plaintiff alleges that she was transferred from Arrendale State Prison to Pulaski State Prison because she exercised her First Amendment right to submit a grievance. [Doc. 13 at 1.] On May 16, 2011, Plaintiff submitted an informal grievance "based on discrimination." [*Id.* at 3.] Upon the denial of that grievance on May 19, 2011, Plaintiff submitted a formal grievance to "Ms. Jones." [*Id.*] Plaintiff also "wrote a letter requesting to talk with Internal Affairs." [*Id.*] Plaintiff was transferred on May 26, 2011, [*id.* at 1], and she received a response to her grievance or letter "2.5 weeks after [the] transfer." [*Id.* at 3.] Plaintiff states that "Warden Seabolt did not even sign [and] acknowledge [the] grievance" until May 27, 2011, the day after Plaintiff's transfer. [*Id.*] Plaintiff asserts that "[t]here is no other reason for Plaintiff's transfer; she is not a disciplinary problem." [*Id.*]

Plaintiff claims that she suffered "physical and mental injury" because of the transfer. [*Id.* at 2.] The transfer prevented her from keeping her first appointment for physical therapy that was available only at Arrendale. [*Id.*] Plaintiff alleges that Pulaski did not provide comparable treatment. [*Id.* at 3-4.] Plaintiff claims that the

3

transfer was "demeaning" and psychologically damaging and "caused anxiety and further aggravated [her] eating disorder." [*Id.* at 2-3.] Plaintiff seeks monetary, equitable, and injunctive relief. [*Id.* at 4-5.]

"Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. . . . While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison . . . prison officials may not transfer an inmate in retaliation for exercising [her] right to file grievances against prison officials. . . . Such retaliatory transfers violate an inmate's First Amendment rights." *Williams v. Brown*, 347 Fed. Appx. 429, 435 (11th Cir. Sept. 10, 2009) (per curiam) (citations omitted). "To state a retaliation claim . . . a plaintiff must establish first, that [her] speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005)).

In this case, Plaintiff fails to allege facts suggesting that Seabolt transferred Plaintiff because of the grievance. Plaintiff's sole allegation regarding Seabolt is that she "sign[ed]" and "acknowledge[d]" the grievance on May 27, 2011, the day after

4

AO 72A
(Rev.8/82)

Plaintiff's transfer. [Doc. 13 at 3.] A copy of the grievance attached to the amended complaint shows that "5/27/11" was written as the "Warden Received Date." [*Id.* at 10.] Plaintiff does not allege that Seabolt knew about the grievance before the transfer. Plaintiff alleges that she submitted the grievance to "Ms. Jones," who is a counselor,[1] and also wrote a letter to an unspecified person. [*Id.* at 3.] Although Plaintiff asserts that "no other reason" but retaliation could explain the transfer, that assertion is speculative. [*Id.*] Because Plaintiff has failed in her second opportunity to state a viable claim against Seabolt, this action should be dismissed.

### III. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** for failure to state a claim. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  20th   day of May, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court previously dismissed Plaintiff's claims against Counselor Jones. [*See* Doc. 12 at 6; Doc. 9 at 13-15.] In her amended complaint, Plaintiff does not claim that Jones was responsible for the transfer, and Plaintiff does not allege any facts suggesting that Jones was responsible.