**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LORETTA DENISE NOBLE,**<br>**GDC ID # 1199770,**<br>　　　　　**Plaintiff,**<br>　v.<br>**KATHY SEABOLT, Warden**<br>　　　　　**Defendant.** | 1:11-cv-4227-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [15] ("R&R") recommending that this action be dismissed pursuant to 28 U.S.C. § 1915A.

### I.  BACKGROUND

On November 30, 2011, Plaintiff Loretta Denise Noble ("Plaintiff"), then an inmate at the Pulaski State Prison, filed *pro se* this action against numerous employees of the Georgia Department of Corrections. In her original Complaint [1], Plaintiff asserted several causes of action for civil rights violations, under 42 U.S.C. § 1983.

On September 5, 2012, Magistrate Judge Baverman issued a Non-Final Report and Recommendation [9] finding that Plaintiff's Complaint failed to state a

claim upon which relief can be granted. With the exception of Plaintiff's claim of "retaliatory transfer" to a different prison, the Magistrate Judge concluded that Plaintiff's claims were futile. With respect to the retaliatory transfer claim, the Magistrate Judge found that Plaintiff failed to allege sufficient facts to show a constitutional violation but recognized that Plaintiff could possibly correct the pleading deficiencies in an amended complaint. The Magistrate Judge thus recommended dismissing all of Plaintiff's claims and granting Plaintiff leave to re-plead her retaliatory transfer claim. On September 28, 2012, the Court adopted the Magistrate Judge's recommendation. (Order [12].)

On October 30, 2012, Plaintiff filed her Amended Complaint [13] alleging that Warden Kathy Seabolt ("Defendant") transferred Plaintiff from Arrendale State Prison to Pulaski State Prison because Plaintiff had exercised her First Amendment right to submit a grievance. Plaintiff alleges that she submitted her grievance to a "Ms. Jones" on May 19, 2011, and she was transferred on May 26, 2011. Plaintiff's only allegation regarding Defendant is that she "sign[ed]" and "acknowledge[ed]" the grievance on May 27, 2011, the day after Plaintiff was transferred.

On May 20, 2013, after reviewing Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Magistrate Judge issued his R&R finding that Plaintiff failed

2

to state a claim against Defendant because Plaintiff failed to allege any facts showing that Defendant was even aware of Plaintiff's grievance before Plaintiff's transfer.  The Magistrate Judge thus recommends that the Amended Complaint be dismissed.[1]

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

---

[1] On June 6, 2013, Plaintiff filed a letter with the Clerk's office stating that she is not able "to continue this case" because she does not have an attorney.  Although Plaintiff's letter was docketed as a "response" to the R&R, the letter does not include any objections to the Magistrate Judge's findings or recommendations.

B. <u>Analysis</u>

Plaintiff does not object to the Magistrate Judge's finding that the Amended Complaint fails to state a claim for "retaliatory transfer" under the First Amendment because Defendant is not alleged to have had prior knowledge of Plaintiff's grievance.  The Court does not find plain error in this finding.  <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008) (holding that "retaliatory transfer" under the First Amendment requires "a causal connection between the retaliatory actions and the adverse effect on speech" and that the complaint must therefore allege "facts that associate [the defendant] with [the] violation").  The Amended Complaint thus fails to state a claim upon which relief may be granted, and this action is required to be dismissed.  <u>See</u> 28 U.S.C. § 1915A(b)(1) (providing that the Court "shall dismiss" a prisoner's complaint that "fails to state a claim upon which relief can be granted").

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [15] is **ADOPTED**.  This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 9th day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE